

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

Grover Sellers
~~XXXXXXXXXXXX~~
ATTORNEY GENERAL

Hon. O. P. Lockhart
Chairman
Board of Insurance
Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-5940
Re: Whether the proposed contract sub-
mitted by a group of physicians operat-
ing the Stamford Sanitarium is a contract
of insurance, subjecting the issuance of
said contract to the supervision of the
Board of Insurance Commissioners.

Your letter of March 14, 1944, requesting the opinion
of this department regarding the above mentioned matter, reads
as follows:

"A group of doctors operating Stamford Sanitarium
have submitted the enclosed proposed contract to this
Department for consideration.

"Will you please advise me whether the instrument
constitutes an insurance contract subjecting the issu-
ance of it to the supervision of this Department or
whether it is merely a service contract with which this
Department may not properly concern itself."

The contract under consideration is as follows:

## "STAMFORD MEDICAL AND HOSPITAL SERVICE PLAN

"This plan provides for MEDICAL AND HOSPITAL SERVICE
specified to the extent herein provided.

"STAMFORD MEDICAL AND HOSPITAL SERVICE is composed
of DRS. E. P. BUNKLEY, DALLAS SOUTHARD, F. E. HUDSON,
L. F. METZ, J. W. YOUNGBLOOD, I. F. HUDSON and T. A.
BUNKLEY, who own and operate STAMFORD SANITARIUM, Stam-
ford, Texas. The same shall also include any other
DOCTOR who may become a participating member with the
consent of STAMFORD MEDICAL AND HOSPITAL SERVICE.

"STAMFORD MEDICAL AND HOSPITAL SERVICE hereby agrees
to furnish _____, and his or her dependents,
(hereinafter called 'CONTRACT HOLDER') SERVICES as herein-
after defined, subject to all provisions and limitations
herein contained, made necessary by reason of bodily in-
jury sustained, directly and independently of all other
causes, through accidental means while this contract is in

effect, (hereinafter called 'SUCH ACCIDENTS') and SERVICES made necessary by reason of disease or sickness contracted more than thirty days after the effective date hereof, (Hereinafter called 'SUCH SICKNESS').

## "CONSIDERATION

"The consideration for such SERVICES is CONTRACT HOLDER'S application and the representations contained therein and the payment to STAMFORD MEDICAL AND HOSPITAL SERVICE OF $_____, representing three months premiums. The same may be renewed with the consent of STAMFORD MEDICAL AND HOSPITAL SERVICE so long as advance payment of similar premium is made in accordance with the terms and provisions hereof.

"No obligation is assumed by STAMFORD MEDICAL AND HOSPITAL SERVICE for rendering SERVICES by reason of any accident occurring or disease or sickness arising prior to the date of this contract nor unless CONTRACT HOLDER named herein is alive and in sound health at the time of delivery and acceptance hereof.

"The conditions and privileges printed on the following pages hereof constitute a part of the contract as fully as if they were recited at length over the signature hereto affixed.

"IN WITNESS WHEREOF, STAMFORD MEDICAL AND HOSPITAL SERVICE has issued this CONTRACT at its MEDICAL CENTER in Stamford, Texas, on this the _____ day of _____, 19___, which is the effective date of this CONTRACT.

"STAMFORD MEDICAL AND HOSPITAL SERVICE

"BY_____
"BY_____
"BY_____
"BY_____
"BY_____
"BY_____
"BY_____

"CONTRACT NO. _____

"REGISTERED:

"_____
"REGISTRAR

### "SERVICES

"PART I. If the CONTRACT HOLDER on account of such accident or such sickness, shall require Medical Service or be confined as a bed patient within the Medical Center Hospital at Stamford, Texas, STAMFORD MEDICAL AND HOSPITAL SERVICE will render to the CONTRACT HOLDER the following services, subject to all of the provisions and limitations herein set forth:

"A.   All office calls, including nursing care or treatments that the CONTRACT HOLDER shall necessarily need, not exceeding three in any one week or ten on account of any one accident or any one period of sickness.

"B.   Hospital confinement, including general nursing care and Hospital Service for the period the CONTRACT HOLDER shall be necessarily confined therein, not exceeding twenty-one (21) days Hospital Service on any one period of sickness or accident in one twelve months period following the date of this CONTRACT.

"C.   Private room or bed service, based on a $5.00 per day rate.

"D.   All general nursing care and hospital care.

"E.   All services of professional and non-professional employees of hospital.

"F.   Use of operating room when a bed patient in hospital for major or minor operations.

"G.   All services of anethesist if employed by hospital.

"H.   Maternity:   All services under part one of this CONTRACT for a maximum of five (5) days, including nursery care of newborn of CONTRACT HOLDER has kept this CONTRACT in continuous force for one year or more immediately prior to such hospital confinement.

"PART II.   The services as provided herein are to be rendered at the Medical Center Hospital at Stamford, Texas, by STAMFORD MEDICAL AND HOSPITAL SERVICE.

## "PROVISIONS

"1.  This CONTRACT includes the endorsements, if any, and together with the application for same, shall constitute the entire CONTRACT.  No reduction shall be made in any provision hereof by reason of change of occupation of the CONTRACT HOLDER.

"2.  No statement made by the application for services not included herein shall void the CONTRACT or be used in any legal proceedings hereunder.  No change in this CONTRACT shall be valid unless approved by STAMFORD MEDICAL AND HOSPITAL SERVICE and such approval be endorsed hereon.

"3.  If default be made in payment of the agreed premium for this CONTRACT and such default continue for a period of ten days, the subsequent acceptance of the premium shall be optional with STAMFORD MEDICAL AND HOSPITAL SERVICE, and if accepted shall reinstate the CONTRACT but only to cover accidental injury thereafter sustained and such sickness as may begin more than thirty days after the date of such acceptance.

"4.  All services provided in this CONTRACT shall be approved or rendered by STAMFORD MEDICAL AND HOSPITAL SERVICE.

"5.  STAMFORD MEDICAL AND HOSPITAL SERVICE may cancel this CONTRACT at any time upon ten days written notice, delivered to the CONTRACT HOLDER or mailed to the CONTRACT HOLDER at his or her last address as shown by the records of STAMFORD MEDICAL AND HOSPITAL SERVICE, together with cash or STAMFORD MEDICAL AND HOSPITAL SERVICE check for the unearned portion of the premiums actually paid by the CONTRACT HOLDER.  Such cancellation shall be without prejudice to any claim originating prior thereto.

## "ADDITIONAL PROVISIONS

"A.  This CONTRACT does not cover drugs or supplies or services for incurable cases, ambulatory patients, semi-invalidism, self destruction or attempt thereat, or losses sustained in violation of the law, or cases coming under Hospitalization Insurance, or under provisions of any Workmen's Compensation or Employers Liability Insurance. This CONTRACT does not cover abortion, syphilis or complications arising therefrom, virulent or contagious diseases, rest cures or mental or nervous disorders, veneral diseases or tuberculosis.

"any ailment requiring a surgical operation shall be covered only if cause of same originates after this CONTRACT has been in continuous force for thirty days from date of issue or reinstatement hereof. In the case of a tonsillectomy the waiting period shall be ninety days.

"B. The term of this CONTRACT begins at 12:00 o'clock noon, Standard Time, on date stated on the face of this CONTRACT as to Services required by reason of any such accident and on the thirtieth day thereafter as to Services required by reason of such Sickness or any such Disease and ends at 12:00 o(clock noon on the date any renewal is due.

"C. In the event sufficient hospital space should not be available due to an Act of God or an Epidemic, the liability of STAMFORD MEDICAL AND HOSPITAL SERVICE shall be limited to a return of the unearned portion of current premium paid and such return shall relieve the STAMFORD MEDICAL AND HOSPITAL SERVICE from all liability under this CONTRACT.

"D. Strict compliance on the part of the CONTRACT HOLDER and Dependents with all the terms and provisions of this contract, and the application signed by the CONTRACT HOLDER is a condition precedent to recovery hereon, and any failure in this respect shall forfeit to the STAMFORD MEDICAL AND HOSPITAL SERVICE all right to any services."

In order to determine whether the proposed contract is an insurance contract, it is necessary to test and measure the contract by the Texas Statutory definition of "insurance."

Article 4716, Vernon's Annotated Civil Statutes, provides, in part:

"*** An accident insurance company shall be deemed to be a corporation doing business under any charter involving the payment of any amount of money or other thing of value conditioned upon loss by reason of liability due to sickness or ill health. A health insurance company shall be deemed to be a corporation doing business under any charter involving the payment of any amount of money, or other thing of value, conditioned upon loss by reason of disability due to sickness or ill health. ***"

We know of no Texas decision which answers the question as to whether the contract under consideration is a contract of insurance.

After carefully considering the foregoing contract, it is apparent that the essence of the above mentioned contract is to indemnify, in part, the members against excessive cost of hospitalization contingencies.  As in the case of burial associations where the funeral benefits are contracted to be furnished in kind and not paid in cash, the benefits here are unconditionally contracted to be either furnished in kind through hospital services and accommodations, or, in the alternative, when the Stamford Medical and Hospital Service cancels the contract at any time upon ten days written notice, delivered to the contract holder or mailed to the contract holder at his or her last address as shown by the records of Stamford Medical and Hospital Service, the unearned portion of the premiums actually paid by the contract holder are to be refunded.

The word "insurance" is defined in Texas Jurisprudence, Vol. 24, page 650, as follows:

"'Insurance' is a word of comprehensive and varied meaning. In a general sense, the term signifies an agreement, for a consideration, to pay a sum of money upon the happening of a particular event or contingency, or indemnifying for loss in respect of a specified subject by specified perils; in other words, an undertaking by one party, usually called the insurer, to protect the other party, generally designated as the insured or the assured, from loss arising from named risks, for the consideration and upon the terms and under the conditions recited."

It is our opinion, that the benefits offered by the Stamford Medical and Hospital Service plan as set forth in the proposed contract under consideration, are insurance benefits and that the proposed contract is a contract of insurance.  It is our further opinion that the Stamford Hospital is not authorized to issue any form of insurance contracts or policies.

The Insurance Department of this State is authorized to make investigations to determine whether the insurance laws are being violated and to see that no company does an insurance business without authority of law.  The Insurance Department can make such investigation as is proper and take such steps and make such recommendations as may be necessary pertaining to

Hon. O. P. Lockhart, page 7   (O-5940)


the enforcement of the insurance laws, and require a compliance therewith.   (See Article 4682, Vernon's Annotated Civil Statutes.)

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams, Assistant

APPROVED APR 13, 1944
/s/ Geo. P. Blackburn
(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:        BWB, CHAIRMAN

AW:EP:wb